IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONYA JOHNSON, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   CASE NO. 2:22-CV-46-WKW-KFP |
| PUBLIX STORES, et al., | ) ) ) |
|     Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Upon consideration of Plaintiff's Motion to Remand (Doc. 6), the Magistrate Judge RECOMMENDS that the motion be GRANTED, as further set forth below:

**I.      STANDARD OF REVIEW**

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "Whether a claim 'arises under' a federal law 'is generally determined by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Hill v. BellSouth Telecomms., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) (quoting *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001)). "[T]he plaintiff is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." *Id.* (citation and internal quotation marks omitted). When a case is removed from state to federal court, federal courts must strictly construe removal

statutes, resolve all doubts in favor of remand, and place the burden of establishing federal jurisdiction on the defendant. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328–30 (11th Cir. 2006); *see also Sullins v. Moreland*, 511 F. Supp. 3d 1220, 1222 (M.D. Ala. 2021) (recognizing that defendant's right to remove and plaintiff's right to choose forum are "not on equal footing" and that defendant bears heavy burden on removal) (quoting *Burns*, 31 F.3d at 1095 (internal quotations omitted)).

## II.  DISCUSSION

Plaintiff originally filed this action in the District Court of Montgomery County, Alabama, seeking $7,000 in compensatory damages, $3,000 in punitive damages, and $337 in costs. The Complaint arises out of an incident at a Publix store in Montgomery in July 2020, when mask mandates were in effect due to the COVID-19 pandemic. Doc. 1-1 at 4. Plaintiff alleges the store pharmacist, in a "malicious and menacing manner," called another employee to the pharmacy counter and that the employee stood "less than an inch" from Plaintiff and refused to wear his mask. *Id*. As a result, Plaintiff was embarrassed and humiliated, had to take two COVID tests and wait two weeks for the results, and is still dealing with the physical and mental pain caused by Defendant's "targeting and discrimination." *Id*.

When Plaintiff filed her state court Complaint, she attached a copy of a pre-suit demand letter advising Defendant that she planned to bring civil and criminal actions against it. *See* Doc. 1-1 at 6–7. In the letter, Plaintiff notes that the Governor of Alabama and Mayor of Montgomery had issued mandates requiring everyone entering a business to wear a mask and maintain social distancing, and she asserts that Defendant's employees'

actions "not only violated Alabama laws and statutes [but also] federally protected laws granted to [her] under the United States Constitution." *Id*. at 6. She further asserts that Defendant's employees had motives centered on race, gender, and disability; targeted her as an African American customer; and harassed her because of her race, gender, and disability. *Id*. at 7.

Defendant removed the case to federal court based on federal-question jurisdiction. *See* 28 U.S.C. § 1331 (providing that federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Defendant acknowledges that the Complaint identifies no specific federal laws but asserts it is "crystal clear . . . that the entirety of [Plaintiff's] claims centers upon allegations that Publix's employees engaged in 'targeting and discrimination' against her, on the basis of 'race, gender and disability,' in violation of both Alabama law and 'federally protected laws granted to [her] under the United States Constitution.'" Doc. 1 at 7.

In her Motion to Remand, Plaintiff renounces any intention of bringing federal claims against Defendant. She states: "My complaint did not state that the reasons for submitting my claim was for discrimination based on race, gender, or disability" and "only stated that I was targeted and discriminated against." Doc. 6 at 1. As Plaintiff explains, her claims are based on Governor Kay Ivey's Safer at Home Order and Mayor Steven Reed's Executive Order dated June 19, 2020, both of which required face masks to be worn over the nose and mouth when interacting in public spaces within Montgomery, and

3

"defendant's violation of these orders was what caused [her] injury and the reason [she] filed by statement of complaint."[1] *Id*. at 2.

Because the Complaint fails to assert a federal claim and the only federal-question allegations are found in the pre-suit letter to Publix, it appears, as Defendant recognizes, that Plaintiff may have misunderstood what comprises her Complaint. Because Rule 10 of the Alabama Rules of Civil Procedure provides that an exhibit to a pleading is a part of that pleading for all purposes, Defendant argues that Plaintiff's attachment of the pre-suit letter establishes federal-question subject matter jurisdiction. This may be true, but, assuming Plaintiff's pre-suit letter properly invoked federal jurisdiction, the Court must determine whether this action should remain in federal court in light of Plaintiff's statement that she never intended to bring federal claims against Defendant.

In *Reneau v. Oakwood Mobile Homes*, defendants removed a case where plaintiffs had alleged federal statutory tort violations and a state-law claim of breach of implied warranty of merchantability. 952 F. Supp. 724, 726–27 (N.D. Ala. 1997). Although there were procedural defects with the removal, the court noted that plaintiffs "could easily obtain a remand of the entire case and thus obviate further discussion of jurisdictional

---

[1] Plaintiff is correct that her Complaint contains no reference to gender, race, or disability, but Defendant argues her use of the word *discrimination* "inherently invoke[ed]" federal law and is "alone sufficient to establish federal question jurisdiction." Doc. 8 at 3. However, considering Plaintiff's "targeting and discrimination" allegation in the context of the rest of the Complaint, Plaintiff appears to assert that the basis of Defendant's alleged discrimination was her mask, not a federally protected status, and Defendant's reliance on one use of the word *discrimination* is hardly sufficient to carry the heavy burden of establishing federal question jurisdiction. *See, e.g., Weaver v. Ala. Marine Patrol*, No. CV 18-0146-WS-M, 2018 WL 2100586, at *1, *2 (S.D. Ala. May 7, 2018) (rejecting argument that claim labeled as "police misconduct denying medical care" was a deliberate indifference claim under 42 U.S.C. § 1983, as plaintiff did not mention § 1983 or any other federal law, assert that defendants violated his constitutional or federal rights, or claim defendant acted under color of state law). Thus, the Court finds that Plaintiff's Complaint, without the attached pre-suit letter, does not present a federal claim.

4

issues, procedural or substantive, by the simple expedient of dismissing their federal claims, thus removing the only possible basis for jurisdiction in this court." *Id*. at 726. Then, "[a]ssuming *arguendo* that this court has obtained jurisdiction of the state claim under the concept of supplementary jurisdiction over state claims provided by 28 U.S.C. § 1367(a), that jurisdiction would disappear pursuant to § 1367(c) if the federal claim is dismissed." *Id*. (citations omitted).

Thus, regardless of whether Plaintiff intended to bring federal claims against Defendant, it is clear that she may amend her Complaint after removal, dismissing the federal claims described in her pre-suit letter and eliminating the only possible basis for jurisdiction in this Court. Plaintiff's Motion to Remand identifies the specific claims she meant to include when she filed her Complaint in state court, and that Complaint contains none of the federal question allegations referenced in her pre-suit letter. Although Plaintiff has not filed a separate motion seeking leave to amend under Rule 15(a) of the Federal Rules of Civil Procedure, courts are bound to construe pro se filings liberally. *Rose v. M.C. Dean, Inc.*, 736 F. App'x 236, 239 (11th Cir. 2018). Under these circumstances, where the federal-question claims are mentioned only in an attachment to the Complaint and the pro se Plaintiff has disavowed any intention of including the claims referenced in the attachment, the Court would be remiss if it failed to construe Plaintiff's remand motion to include a motion to amend. *See Espey v. Wainwright*, 734 F.2d 748, 749–50 (11th Cir. 1984) (finding district court should have treated plaintiff's motions to strike as motions to amend petition and that Rule 15(a)'s policy of "liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial

court's discretion," requiring judge to allow amendment unless there is "a substantial reason to deny leave to amend") (citations omitted). Here, because a pro se Plaintiff has found herself in federal court simply because she was unaware of the significance of attaching a document to her Complaint, there is no substantial reason to deny leave to amend. In fact, justice requires it.

To the extent Defendant contends it would be improper for Plaintiff to amend her Complaint for purposes of remand, 28 U.S.C. § 1367(c)(3) expressly provides that district courts may decline to exercise supplemental jurisdiction when the court has dismissed all claims over which it has original jurisdiction. In deciding whether to retain jurisdiction, courts should be guided by "principles of economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) (holding that a district court has discretion to remand a case when a plaintiff drops all federal claims after removal and seeks remand of the pendent state law claims); *see also Mercer v. Washington Mut. Homes Loans, Inc.*, No. 1:05-CV-2958-TCB, 2006 WL 8432918, at *2–3 (N.D. Ga. May 23, 2006) (stating that *Carnegie* "confronted head-on" the question of whether a district court has discretion to remand a case when plaintiff dismisses federal claims post-removal and moves to remand) (citing *Carnegie*, 484 U.S. at 348); *Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 530 (11th Cir. 2015) (noting that the modern doctrine of supplemental jurisdiction, codified at 28 U.S.C. § 1367, derives from *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966) and *Carnegie* and that those cases continue to guide federal courts in determining whether to retain or relinquish jurisdiction over supplemental state-law claims) (citations omitted).

Analyzing the principles of convenience, fairness, economy, and comity, the Court notes this case is in the early stages of litigation, and there is no indication that Plaintiff was attempting to engage in forum manipulation by filing her Complaint in state court. She seeks $10,000 in damages and filed her case in a state district court with jurisdiction over claims not exceeding $20,000. *See* Ala. Code § 12-11-30. The document Plaintiff labeled as her Complaint fails to mention any federal law or other basis for federal jurisdiction, and she timely filed a motion to remand this case from federal to state court. There is nothing to suggest that one forum would be more convenient for either party, but, under these facts, the principle of fairness weighs in favor of remand.

Additionally, while "federal courts can apply state law, a state court is certainly the better forum to do so," and "[c]omity, that is, respect for the sovereignty of the state, certainly favors remand." *Appleby v. Citigroup, Inc.*, No. CIV.A 05-00134-CB-B, 2005 WL 1587885, at *1, *3 (S.D. Ala. July 6, 2005). "Both comity and economy are served when issues of state law are resolved by state courts." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002); *see also Ameritox*, 803 F.3d at 540 ("It is a bedrock principle that '[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law.'") (quoting *Gibbs*, 383 U.S. at 726). This is particularly true here, where retaining jurisdiction would require this Court to expend time and resources to adjudicate discrete, limited claims based on state and local executive orders by forcing Plaintiff to litigate federal discrimination claims she never intended to bring.

In summary, while Plaintiff's pre-suit letter accuses Defendant of violating her federally protected rights, as master of her complaint, Plaintiff is free to assert only state law claims when federal claims are available or when *only* a federal claim is viable. *Weaver v. Ala. Marine Patrol*, No. CV 18-0146-WS-M, 2018 WL 2100586, at *1, *3 (S.D. Ala. May 7, 2018) (citing *Sams v. United Food & Commercial Workers Int'l Union*, 866 F. 2d 1380, 1385 (11th Cir. 1989) (recognizing that plaintiffs, as masters of their complaint, could choose to assert only a claim they could not establish)). Because it appears that Plaintiff inadvertently presented federal claims by attaching a document to her Complaint, Rule 15(a) requires the Court to allow Plaintiff to amend her Complaint and dismiss those federal claims. Finally, in determining whether to retain supplemental jurisdiction over Plaintiff's remaining claims, the undersigned finds that the principles of convenience, fairness, economy, and comity weigh in favor of remand.

### III.   CONCLUSION

Accordingly, the Magistrate Judge RECOMMENDS the following:

1.   Plaintiff's Motion to Remand (Doc. 6) be construed to contain a Motion to Amend under Rule 15(a) of the Federal Rule of Civil Procedure;

2.   Plaintiff's Motion to Amend be granted and all federal claims referenced in the attachment to Plaintiff's Complaint be dismissed;

3.   The Court decline to exercise jurisdiction over Plaintiff's remaining claims and GRANT Plaintiff's Motion to Remand (Doc. 6); and

4.   Defendant's pending Motion to Dismiss (Doc. 4) be DENIED as moot.

Further, it is ORDERED that by **May 5, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 21st day of April, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE